IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES C. DAVIS,

     Plaintiff,

v.

JEH JOHNSON, *Secretary, Department of Homeland Security*,

     Defendant.

CIVIL ACTION FILE NO.

1:15-cv-4137-TWT-JKL

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Secretary of Homeland Security Jeh Johnson's ("Johnson" or the "government") motion to dismiss Plaintiff James C. Davis's complaint, in part for lack of jurisdiction and in part for failure to state a claim, [Doc. 3.], Davis's miscellaneous motions, [Docs. 2, 5-17], and the government's motions for an extension of time to respond to Davis's motions, [Docs. 18, 19].  For the following reasons, I **RECOMMEND** that Davis's motions seeking "individual status" in this case, filed on behalf of others, be **DENIED**, and that the government's motion to dismiss be **GRANTED**, such that Davis's claims should be dismissed in part for lack of jurisdiction and in part for failure to state a claim.  I **RECOMMEND**, however, that Davis be allowed to

amend his claims about his entitlement to overtime pay under the Fair Labor Standards Act ("FLSA") and his entitlement to law enforcement officer pay.  I further **RECOMMEND** that all remaining motions be **DENIED AS MOOT**.

### I.    Procedural history.

On November 25, 2015, Davis filed the instant complaint raising claims arising out of his employment with the Federal Protective Service ("FPS"), an agency within the Department of Homeland Security ("DHS").  [Doc. 1 at 1-4.] Although Davis is proceeding *pro se* and was the only person who signed the complaint, he purported to bring his claims on behalf of 13 other FPS employees. [*Id.* at 1-4, 19]

Davis, an African-American man, alleged that the FPS discriminated against him on the basis of his race and gender by failing to compensate him with law enforcement officer pay and benefits.  [Doc. 1 at 4, 14-15.]  He alleged that another FPS employee and police officer, Luis Fernandez, received pay and benefits as a law enforcement officer after the U.S. Merit Systems Protection Board ("MSPB") concluded that Fernandez should receive law enforcement officer retirement benefits.  [*Id.* at 4-5.]  According to Davis, he and other FPS employees suffered an adverse action because the FPS did not thereafter classify them as law enforcement officers.  [*Id.* at 13-15.]

2

Though presented in part as an employment discrimination lawsuit, the bulk of the complaint is devoted to Davis's assertions that the compensation and benefits scheme for him and many other FPS employees is unlawful.  [*See* Doc. 1 at 5-13, 15-18.]  Davis claimed that he was unlawfully denied FLSA overtime pay.  [*Id.* at 3, 7-8.]  Liberally construed, he seemed to allege that he was treated as FLSA-exempt because the DHS allowed its law enforcement agencies to treat all employees at the GS-9 through GS-12 pay levels as FLSA-exempt.  [*Id.*]  He further alleged that, as an FPS employee, he was denied compensation and retirement benefits paid to federal employees who are designated as law enforcement officers, even though his job duties as an FPS employee consisted of law enforcement work.  [*Id.* at 5-6, 10-13, 15-18.]  As relief, Davis requested money damages.  [*Id.* at 18.]  Davis also filed a motion requesting that the U.S. Attorney General and this Court bring a civil action against Johnson.  [Doc. 2.]

On February 8, 2016, the government filed the instant motion to dismiss, arguing that Davis's claims were due to be dismissed in part for lack of subject matter jurisdiction and in part for failure to state a claim.  [Doc. 3-1 at 1-15.]  The government further argued that, if any claims survived its motion to dismiss, Davis should be provide a more definite statement under Fed. R. Civ. P. 12(e) because his claims were difficult to discern.  [*Id.* at 15-18.]

3

With its motion to dismiss, the government submitted an affidavit from Frank Levi, an Attorney Advisor for the FPS within the DHS General Counsel's Office. [Doc. 3-2.] Levi attested that he was the records custodian for administrative Federal Tort Claims Act ("FTCA") claims presented to the FPS. Levi indicated that he had no record of Davis presenting an administrative claim to the FPS. [*Id.*]

Davis did not respond to the motion to dismiss. Rather, on March 17, 2016, he filed a motion for summary judgment. [Doc. 5.] Several days later, on March 30, 2016, he filed "motions for individual status in the plaintiff's case against the defendant" on behalf of 12 individuals. [Docs. 6-17.] The motions appeared to be "opt-in" motions to allow Davis to represent the individuals in a collective action. The government has filed a motion requesting an extension of time to respond to the motion for summary judgment, [Doc. 18], and a motion requesting an extension of time to respond to the motions for individual status, [Doc. 19].

## II. Davis, who is proceeding *pro se*, cannot represent other individuals in this action.

As an initial matter, Davis is proceeding *pro se* in this case and has not represented or otherwise shown that he is an attorney. Davis's assertion in his complaint that he was proceeding on behalf of 13 other individuals, who did not sign the pleadings, did not make those individuals plaintiffs in this action. *See* Fed.

4

R. Civ. P. 11(a); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) ("Section 1654, Title 28, the general provision permitting parties to proceed *pro se* . . . appears to provide a personal right that does not extend to the representation of the interests of others."). Davis is therefore the only plaintiff in this action.

In its motion to dismiss, the government argues that Davis, as a *pro se* non-lawyer, may not represent other individuals in a class action. [Doc. 3-1 at 3-4.] Courts have not allowed *pro se* litigants to serve as class representative in class actions because they cannot fairly and adequately protect the interests of the class under Fed. R. Civ. P. 23(a)(4). *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Anderson v. Moorer*, 372 F.2d 747, 751 n.5 (5th Cir. 1967).[1] Thus, to the extent that Davis was attempting to initiate a class action under Rule 23, he may not serve as a class representative for others.

Davis also has filed 12 motions on behalf of other individuals seeking "individual status" in Davis's case. [Docs. 6-17.] According to the motions, the 12 individuals ask that Davis be allowed to represent their interests with respect to his discrimination claims. [*Id.*] As explained above, however, Davis cannot

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

represent others' interests in this case or otherwise serve as a class representative because he is proceeding *pro se*.

Because Davis's complaint appears to raise an FLSA claim about his overtime pay rate, I also address whether the 12 individuals are attempting to "opt in" to join Davis's FLSA claim.   The FLSA has its own collective action procedures, to which Rule 23 does not apply.  *See* 29 U.S.C. § 216(b); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).  Nevertheless, individuals who "opt in" to an FLSA collective action generally are represented by the named plaintiff's counsel, and courts have an "equitable interest" in making certain that there is adequate representation for opt-in plaintiffs.  *See Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 263 (S.D.N.Y. 1997); *see also Koch v. CHS, Inc.*, No. 2:12-cv-463-CWD, 2012 WL 6093891 *2 (Dec. 7, 2012 D. Idaho) (holding that a *pro se* plaintiff may not bring a collective action under the FLSA).  In light of his *pro se* status and the pleadings in this case, I find that Davis is not able to adequately represent the purported opt-in plaintiffs and cannot bring a collective action under the FLSA.  I therefore recommend that the 12 motions for "individual status" in Davis's case be **DENIED**.  [Docs. 6-17.]

**III.    Davis's Title VII claims should be dismissed for failure to state a claim upon which relief may be granted.**

In its unopposed motion to dismiss, the government argues that Davis's Title VII claims should be dismissed for failure to state a claim because, on its face, the complaint fails to state a plausible Title VII claim.   [Doc. 3-1 at 8-11.]   The government's motion to dismiss Davis's Title VII claims for failure to state a claim is due to be granted as unopposed.   The complaint also fails to state a plausible claim for relief, as explained below.

In evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555.   Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do."   *Id.*

Title VII provides that it is unlawful for an employer to discriminate against an employee on the basis of "race, color, religion, sex, or national origin."   42 U.S.C. § 2000e-2(a)(1).   To state a Title VII discrimination claim, a complaint need only provide enough factual matter to "plausibly suggest" that the plaintiff

suffered an adverse employment action due to intentional discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

An employer also is prohibited from retaliating against an employee because he has opposed any unlawful employment practice prohibited under Title VII or because he made a charge, testified, assisted, or participated in a Title VII investigation or proceeding. 42 U.S.C. § 2000e-3(a). Thus, to state a retaliation claim, a plaintiff must allege that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal connection between the two events. *Palmer v. McDonald*, 624 F. App'x 699, 702 (11th Cir. 2015) (citing *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008)).

Here, Davis has failed to state a Title VII discrimination or retaliation claim. The facts alleged in the complaint do not plausibly suggest that the FPS discriminated against Davis based on his race or gender. Rather, Davis's pleadings indicate that, as a matter of course, FPS employees are denied status as law enforcement officers for purposes of pay and benefits. The other FPS employees whom Davis purported to represent in his complaint included African-American and Caucasian individuals, as well as male and female individuals. [Doc. 1 at 4.] Davis identified another FPS employee, Fernandez, who received law enforcement

8

retirement benefits, but it is clear from Davis's pleadings that Fernandez was awarded law enforcement retirement benefits after he initiated an administrative action challenging the FPS's failure to classify him as a law enforcement officer. [*Id.* at 4-5.] The fact that one employee succeeded in challenging his classification does not "plausibly suggest" intentional discrimination on the basis of race or gender against Davis or any other employee in the FPS.  *See Surtain*, 789 F.3d at 1246.

Davis also has not shown that the FPS retaliated against him because, aside from his conclusory assertions that his employer retaliated against him for his prior "EEO activity," he failed to allege that he engaged in any protected activity and thereafter suffered a materially adverse action.  [*See* Doc. 1 at 4.]  His allegations do not plausibly suggest that the FPS retaliated against him for engaging in a protected activity.  *See Iqbal*, 556 U.S. at 678; *Palmer*, 624 F. App'x at 702.

### IV.   To the extent that Davis raises any FTCA claims or claims under 42 U.S.C. § 1981, this Court lacks subject matter jurisdiction over those claims.

In his complaint, Davis argued that the FTCA and 42 U.S.C. § 1981 were among the statutory bases for his claims.[2]  [Doc. 1 at 2, 15.]  The government

---

[2] Davis also cites other federal laws in an attempt to invoke this Court's jurisdiction, namely, the Federal Law Enforcement Pay and Benefits Parity Act of

argues that Davis's § 1981 claim is barred by the doctrine of sovereign immunity, and Davis failed to satisfy the jurisdictional prerequisites to filing suit under the FTCA. [Doc. 3-1 at 4-8, 12-13.] Thus, the government argues, those claims must be dismissed for lack of subject matter jurisdiction. [*Id.*]

First, it is well-established that § 1981 does not provide a basis for suing the federal government or an individual acting under color of federal law. *See Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998). Thus, Davis's § 1981 claims are barred under the doctrine of sovereign immunity. *See United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982).

Further, Davis's claims do not appear to fall within the scope of the FTCA, which provides a limited waiver of the federal government's sovereign immunity so that citizens may pursue certain tort claims against the government. *See* 28 U.S.C. §§ 1346(b), 2671-80; *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). Even if he did raise an FTCA claim, the government has presented evidence—which Davis has not challenged or refuted—that Davis did not present an administrative claim to the FPS, a jurisdictional prerequisite to filing an FTCA claim about the alleged conduct of FPS officials. [Doc. 3-2]; *see Turner*,

---

2003 and the Pay-As-You-Go Act of 2010. [Doc. 1 at 3.] Neither of those laws provides Davis with a cause of action against the government.

514 F.3d at 1200 ("A federal court does not have jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . ." (quotation omitted)); *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990) (noting that a federal court may weigh evidence in considering a Fed. R. Civ. P. 12(b)(1) factual attack on the court's subject matter jurisdiction). Thus, to the extent that Davis actually asserts a § 1981 or FTCA claim, this Court lacks subject matter jurisdiction over those claims.

### V.   The Federal Circuit has exclusive jurisdiction over Davis's retirement claim.

The government argues that this Court lacks subject matter jurisdiction over Davis's claim that he is entitled to credit as a law enforcement officer in the calculation of his Federal Employees Retirement System ("FERS") benefits. [Doc. 3-1 at 14-15.] The government argues that only the Federal Circuit is authorized to hear appeals of agency decisions about the FERS. [*Id.*]

The Office of Personnel Management ("OPM") has jurisdiction to administer the FERS. 5 U.S.C. § 8461(b). The MSPB has jurisdiction over appeals from administrative actions and orders affecting an individual's rights under the FERS. *Id.* § 8461(e)(1). The Federal Circuit has exclusive jurisdiction over appeals from MSPB decisions. 5 U.S.C. § 7703(b); 28 U.S.C. § 1295(a)(9); *Keira v. United States*, 351 F. App'x 343, 344 (11th Cir. 2009).

11

Even assuming, *arguendo*, that Davis properly pursued his FERS claim at the administrative level and appealed it to the MSPB, only the Federal Circuit would have jurisdiction over his FERS appeal. *See id.* Thus, this Court does not have subject matter jurisdiction over Davis's FERS claim.

### VI. Davis's allegations are insufficient to invoke this Court's jurisdiction over his FLSA claim and his claim that he is entitled to law enforcement officer pay.

In his complaint, Davis appears to assert a claim that the FPS wrongfully denied him overtime pay at the FLSA rate because the DHS allowed its law enforcement agencies to consider all employees between the GS-9 and GS-12 pay grades exempt under the FLSA. [Doc. 1 at 7-8.] He also asserts that he is entitled to money damages because he has been denied law enforcement officer pay, even though FPS officers perform law enforcement work. [*Id.* at 5-6, 9-13, 15-18.] The government did not address these claims in its motion to dismiss. Nevertheless, this Court must address questions of its own subject matter jurisdiction *sua sponte* whenever it may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The Little Tucker Act confers jurisdiction on the district courts over certain claims, not exceeding $10,000, against the government for money damages. 28

U.S.C. § 1346(a)(2).  Any such claim exceeding the $10,000 threshold must be litigated in the United States Court of Federal Claims.  *See* 28 U.S.C. § 1491(a).

The only possible source of this Court's jurisdiction over Davis's FLSA claim against the federal government is the Little Tucker Act.  *See Parker v. King*, 935 F.2d 1174, 1177-78 (11th Cir. 1991).  The Little Tucker Act also appears to be the exclusive means for this Court to exercise jurisdiction over Davis's money damages claim that he is entitled to pay as a law enforcement officer.[3]  *See Crowley v. United States*, 398 F.3d 1329, 1334 (Fed. Cir. 2005) (holding that the Tucker Act waives sovereign immunity for money-mandating Constitutional provisions, statutes, regulations, and executive orders); *Slugocki v. United States*, 816 F.2d 1572, 1573 & n.1 (Fed. Cir. 1987) (noting that a district court had jurisdiction to review a claim about, *inter alia*, Title 5 law enforcement officer compensation under the Little Tucker Act).

The allegations in Davis's complaint are insufficient to invoke this Court's jurisdiction over his FLSA and law enforcement officer pay claims because he has

---

[3] I make no determination that Davis may bring that claim under the Little Tucker Act.  Rather, I note that it appears to be the only basis for this Court to exercise jurisdiction over a money damages claim about law enforcement officer pay.  Neither 28 U.S.C. § 1361 nor the Administrative Procedure Act, 5 U.S.C. § 702, waives the government's sovereign immunity for claims for money damages.

not alleged that the amount in controversy for each claim is $10,000 or less.  28 U.S.C. § 1346(a)(2).  Unless Davis amends his complaint to correct this deficiency, those claims must be dismissed for lack of subject matter jurisdiction.  *See Anytime Fitness, LLC v. Stewart*, 1:15-cv-4306-WSD, 2015 WL 9480033 *2 (N.D. Ga. Dec. 29, 2015) (allowing a plaintiff to file an amended complaint to correct a defect in pleading subject matter jurisdiction).

While this Court shows leniency to *pro se* litigants, it cannot "serve as *de facto* counsel [or] rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cty. of Escambia, Fla,*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).  I caution Davis that any amended complaint must contain sufficient factual allegations to show that he is entitled to relief and that he is seeking at most $10,000 in allegedly unpaid wages and other damages.  *See Twombly*, 550 U.S. at 555.

**VII.  Conclusion.**

In sum, I **RECOMMEND** that Davis's motions for "individual status" be **DENIED**, [Docs. 6-17], and that the government's motion to dismiss be **GRANTED**, [Doc. 3].  However, I **RECOMMEND** that Davis's FLSA claim and claim about his entitlement to law enforcement pay be **DISMISSED WITHOUT**

14

**PREJUDICE WITH LEAVE TO AMEND** within 14 days.  Davis's motion requesting this Court and the government to bring a civil action on his behalf, his motion for summary judgment, and the government's motions for an extension of time should be **DENIED AS MOOT**.  [Docs. 2, 5, 18, 19.]

I further **RECOMMEND** that the Court give Davis the following instructions regarding his FLSA and law enforcement pay claims.  If Davis chooses to amend his complaint, he must provide a concise statement of his FLSA and law enforcement officer pay claims, providing sufficient factual allegations to show that he is entitled to relief.  *See Twombly*, 550 U.S. at 555.  He also must provide a statement setting forth the district court's subject matter jurisdiction over those claims, including, to the extent that he wishes to proceed under the Little Tucker Act, a statement of the amount in controversy.  Davis should attempt to proceed with Little Tucker Act claims in this Court **only if the amount of each claim does not exceed $10,000**.  Failure to file an amended complaint within 14 days of the district court's order granting the motion to dismiss will result in

dismissal of the FLSA and law enforcement pay claims for lack of subject matter jurisdiction.

IT IS SO RECOMMENDED this 22nd day of April, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge